NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES FITZGERALD,<br><br>        Plaintiff,<br><br>        v.<br><br>DAVID LITTLE *et al.*,<br><br>        Defendants. | No. 25cv11906 (EP) (SDA)<br><br>**OPINION** |

**PADIN, District Judge.**

In this action, *pro se* Plaintiff James Fitzgerald asserts a variety of claims related to an agreement gone wrong.  D.E. 1 ("Complaint" or "Compl.").  Defendants David Little, Incentive Gourmet, LLC ("Incentive Gourmet"), Inclusion Gourmet, LLC ("Inclusion Gourmet"), and Nouveautes, Inc. ("Nouveautes") (collectively, "Defendants") move to dismiss the Complaint on two grounds:  (1) Fitzgerald's lack of standing to bring certain claims and (2) his failure to state a claim in the Complaint.  D.E. 36-1 ("Motion" or "Mot").[1]  Fitzgerald opposes.  D.E. 37 ("Opposition" or "Opp'n").  Defendants reply.  D.E. 39 ("Reply").  The Court decides the Motion without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

For the reasons explained below, the Court will **GRANT** Defendants' Motion and **DISMISS** *without prejudice* the Complaint.

---

[1] The Court refers to Defendants' brief as their "Motion" for ease of reference.  The Notice of Motion is at D.E. 36.

## I.    BACKGROUND

### A.    Factual Background[2]

Incentive Gourmet, a New Jersey limited liability company ("LLC"), was formed for the purpose of manufacturing cannabis products. Compl. ¶ 11.[3]  On September 20, 2018, Fitzgerald entered into an agreement[4] with Little, the majority interest holder in Incentive Gourmet.  *Id.* ¶ 7.

Agreement

This agreement is dated September 20, 2018 between David Little and James Fitzgerald

Whereas David Little and James Fitzgerald have undertaken efforts to create and develop a business for the manufacture and sale of cannabis products for which James Fitzgerald has formed a New Jersey limited liability company known as Incentive Gourmet LLC, and

Whereas David Little will be the majority owner of the membership interests in Incentive Gourmet LLC, and

Whereas James Fitzgerald has agreed to contribute $35,000 to Incentive Gourmet LLC for its start up capital, and has and will provide legal services for Incentive Gourmet LLC for which he will receive a 3.5% interest in Incentive Gourmet LLC,

Now therefore it is mutually agreed as follows:

James Fitzgerald agrees to pay to Incentive Gourmet LLC the sum of $35,000 on September 21, 2018, and upon payment thereof he shall be entitled to a 1 1/2% ownership interest in Incentive Gourmet LLC on the books and records of Incentive Gourmet LLC.

In further consideration thereof, David Little hereby assigns and transfers to James Fitzgerald a portion of his ownership interest in Incentive Gourmet LLC such that James Fitzgerald's total interest in Incentive Gourmet LLC shall equal 3.5%.

Dated: September 20, 2018

David Little

James Fitzgerald

---

[2] The facts in this section primarily derive from the Complaint's well-pled factual allegations, which the Court presumes to be true for purposes of resolving this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] Fitzgerald has not provided the Court with a copy of Inclusion Gourmet's operating agreement, which, as explained *infra*, hampers the Court analysis of some of Fitzgerald's claims.

[4] Fitzgerald did not attach his agreement with Little to the Complaint but included a copy with his Opposition.  D.E. 37-4 (the "Agreement").  When deciding a motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  Although it is beyond dispute that Fitzgerald should have attached the Agreement to the Complaint, the Court will nevertheless consider the copy attached to the Opposition because the Agreement is referenced throughout the Complaint and is central to multiple causes of action. *See Pryor v. Nat'l Collegiate Athletic Assoc.*, 288 F.3d 548, 559-60 (3d Cir. 2002) (noting that a court may rely on documents attached to an opposition to a motion to dismiss if those documents are referred to in the complaint and are central to the plaintiff's claims).  For the reasons explained *infra*, however, the Court will not consider the other submissions attached to Fitzgerald's Opposition.

Pursuant to the Agreement, Fitzgerald agreed to invest $35,000 in Incentive Gourmet as startup capital for the company in exchange for a 1.5% ownership interest. Agreement. Fitzgerald further agreed to provide legal services for an additional 2% ownership interest in Incentive Gourmet. *Id.* In total, Fitzgerald received a 3.5% equity interest in Incentive Gourmet. *Id.*

The next day, Fitzgerald paid the $35,000 investment, and for five or six years thereafter, provided extensive legal services to Defendants. Compl. ¶¶ 9-10. The $35,000 that Fitzgerald invested—along with similar amounts contributed by two unnamed members of Incentive Gourmet—was used to purchase equipment. *Id.* ¶ 12. The purchased equipment, however, was not used to generate income for Incentive Gourmet. *Id.* ¶ 13. Instead, it was used by Little to benefit himself and Nouveautes, an unrelated entity solely owned by Little. *Id.* ¶ 14.

Before New Jersey accepted applications for cannabis licenses, Little unilaterally decided to open a new LLC—Inclusion Gourmet—to apply for a cannabis license, instead of applying for a license with Incentive Gourmet. *Id.* ¶ 15. Little formed Inclusion Gourmet to attract new investors whom he did not want to hold an interest in Incentive Gourmet and its equipment. *Id.* ¶ 16. Inclusive Gourmet's new investors would nevertheless obtain an interest in Incentive Gourmet's equipment, as Little intended to merge the two LLCs. *Id.* ¶ 17.

When Inclusion Gourmet was formed, Fitzgerald—relying on conformation from Little—expected his interest in Incentive Gourmet would carry over to Inclusion Gourmet. *Id.* ¶ 18. However, after Inclusion Gourmet applied for a cannabis license, Little refused to cooperate with Fitzgerald and denied Fitzgerald an interest in Inclusion Gourmet. *Id.* ¶ 19. As a result of his self-dealing, Little kept Fitzgerald's 3.5% equity interest in Inclusion Gourmet for himself. *Id.* ¶ 20.

3

**B.      Procedural History**

On August 15, 2024, Fitzgerald filed the Complaint in the District of Vermont.  *Id.* at 5. The Complaint asserts six counts: (1) breach of contract; (2) misappropriation of Incentive Gourmet's opportunity; (3) Little's self-dealing and breach of his fiduciary duties; (4) misuse of Incentive Gourmet's equipment; (5) "value of shares" in Inclusion Gourmet; and (6) quantum meruit.  *Id.* ¶¶ 22-38.

On November 25, 2024, Defendants filed a motion to dismiss the Complaint for lack of personal jurisdiction, improper venue, and for failure to state a claim.  D.E. 14.  On June 17, 2025, the Honorable William K. Sessions III, U.S.D.J., of the District of Vermont issued a memorandum order in which he determined that the court lacked personal jurisdiction over Defendants and that venue in the District of Vermont was improper, and therefore, transferred the case to this Court. D.E. 28.[5]

After the case was transferred to this Court and assigned to the Undersigned, Defendants filed the instant Motion on August 8, 2025.  Mot.  A week later, Fitzgerald opposed.  Opp'n. Defendants then replied on August 26, 2025.  Reply.

**II.      LEGAL STANDARDS**

**A.      Federal Rule of Civil Procedure 12(b)(1)**

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies."  *Lance v. Coffman*, 549 U.S. 437, 439 (2007).  "The standing inquiry . . . focuse[s] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed."  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (quoting *Davis v.*

---

[5] Finding that the court had no personal jurisdiction over Defendants and that venue was improper, Judge Sessions declined to reach Defendants' arguments that the Complaint failed to state a claim. *Id.*

*FEC*, 554 U.S. 724, 734 (2008) (alterations original)).  "To show standing, a plaintiff must establish:  '(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision.'"  *Fagan v. Fischer*, No. 14-7013, 2019 WL 5587286, at *5 (D.N.J. Oct. 30, 2019) (quoting *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 272 (3d Cir. 2016)).

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim.  *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012); *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) ("A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.").

When analyzing whether a complaint adequately pleads the elements of standing, "courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim:  'court[s] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party.'"  *In re Schering Plough Corp.*, 678 F.3d at 243 (quoting *Ballentine*, 486 F.3d at 810).  "[T]he plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof . . . ."  *Ballentine*, 486 F.3d at 810.

**B.      Federal Rule of Civil Procedure 12(b)(6)**

As previewed in the preceding section, under Rule 12(b)(6), a court accepts all well-pled facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation modified).

To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

### C.    Federal Rule of Civil Procedure 9(b)

"Rule 9(b) requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.'" *Simner v. LG Elecs. U.S.A., Inc.*, No. 21-13322, 2022 WL 3152707, at *3 (D.N.J. Aug. 8, 2022) (quoting Fed. R. Civ. P. 9(b)). A plaintiff "alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park v. M & T Bank Corp.*, No. 09-2921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (alteration in original) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)).

### III.    ANALYSIS

Before diving into Defendants' Motion, the Court first addresses what materials in the record it can (and will) consider. As noted above, when deciding a motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as

well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer*, 605 F.3d at 230.

Fitzgerald has filed a 75-paragraph certification along with his Opposition brief that contains a litany of new information that goes far beyond the facts alleged in the Complaint. D.E. 37-1 ("Certification"). Indeed, the Certification contains twice as many paragraphs as the Complaint. Fitzgerald has also attached over fifteen exhibits to the Certification (including the Agreement), which support and expand upon the facts included in the Certification.

Defendants ask the Court to disregard the Certification, as well as the other exhibits attached to it. Reply at 2-3. The Court agrees with Defendants that Fitzgerald is impermissibly seeking to amend his Complaint through his Certification, and will not consider it or the documents attached thereto aside from the Agreement.

In contrast to the Agreement—a document which was repeatedly referenced throughout the Complaint and upon which several allegations are based—Fitzgerald's Certification includes additional facts that do not appear in the Complaint. In these circumstances, courts routinely decline to consider new facts or documents that first appear in a plaintiff's opposition and that are not integral to the complaint:

> The Court will not consider the additional documents in the opposition for the purpose of this motion to dismiss, as they were not included in the [c]omplaint. *See Adami v. Cardo Windows, Inc.*, No. 12-2804, 2013 WL 3821466, at *3 (D.N.J. July 23, 2013) (refusing to consider documents first attached to [p]laintiff's answer to motion to dismiss, as such documents "were not integral or explicitly relied upon in the Amended Complaint"); *Potter v. Newkirk*, No. 17-8478, 2020 WL 6144756, at *3 (D.N.J. Oct. 20, 2020) [(noting that "a court generally may not 'consider matters extraneous to the pleadings'" (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997))]; *Nesgoda v. Lewistown Valley Enters.*, No. 18-158, 2018 WL 6313617, at *1 n.2 (M.D. Pa. Nov. 7, 2018) ("[Plaintiff] raises additional facts in his briefs in opposition to the motions to dismiss and in additional documents filed with the Court, but the Court will limit its analysis of the motion to dismiss to the allegations set forth in the complaint." (internal citations omitted)).

> Further, the Court will also not consider any of Plaintiff's new facts raised in the opposition. *See Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (noting that courts "do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)"); *Marino v. Westfield Bd. of Educ.*, No. 16-361, 2017 WL 216691, at *7 (D.N.J. Jan. 18, 2017) ("Plaintiff raises several new facts in its brief that purport to establish actual malice, but these new facts can have no place in the Court's 12(b)(6) analysis."); *Pue v. N.J. Dep't of Labor*, No. 23-855, 2023 WL 5671561, at *4 n.8 (D.N.J. Sept. 1, 2023) ("While the Court construes Plaintiff's Amended Complaint liberally, the Court cannot consider new facts presented for the first time in opposition."); *Knopick v. UBS Fin. Servs., Inc.*, 121 F. Supp. 3d 444, 461 (E.D. Pa. 2015) (noting that "it is improper to use an opposition to a motion to dismiss to amend a complaint").

*Kinch v. Caulfield*, No. 23-2076, 2024 WL 1653667, at *3 (D.N.J. Apr. 17, 2024).

This Court will follow suit. Therefore, it declines to consider the Certification or any exhibits attached to it besides the Agreement, as the latter is uniquely relied upon in the Complaint. Were the Court to consider the additional information in Fitzgerald's Certification or the other exhibits attached to it, it would effectively be permitting Fitzgerald to amend his Complaint via his Opposition, which he cannot do. Accordingly, the Court limits its analysis to the facts alleged in the Complaint itself and considers the Agreement alongside those allegations.

Having clarified the Court's factual universe for this Opinion, the Court proceeds to consider the merits of Defendants' Motion.

### A. The Court Will Dismiss Fitzgerald's Breach of Contract Claim (Count I)

Under New Jersey law, to state a claim for a breach of contract, a plaintiff must allege: (1) the existence of a valid contract between the parties; (2) plaintiff's performance of his own obligations under that contract; (3) defective or deficient performance under the contract by the defendant; and (4) loss to the plaintiff that resulted from defendant's breach. *Goldfarb v. Solimine*, 245 N.J. 326, 338 (2021).

Considering the allegations in the Complaint and the Agreement, the Court concludes that Fitzgerald has not sufficiently pled a breach of contract claim. The Agreement between Fitzgerald

and Little essentially boils down to two things: (1) Fitzgerald would invest $35,000 in Incentive Gourmet as startup capital in exchange for a 1.5% ownership interest in Incentive Gourmet; and (2) Fitzgerald would provide legal services for an additional 2% ownership interest in Incentive Gourmet. Compl. ¶ 7. Fitzgerald does not identify what provision or provisions of the Agreement were breached, nor does he explain how Little breached the Agreement. Notably, Fitzgerlad does not plead that he failed to receive his 3.5% ownership interest in Incentive Gourmet—the only consideration he is entitled to under the Agreement. *See* Agreement. In fact, it appears that Fitzgerald *did* receive his 3.5% ownership interest in Incentive Gourmet. *See generally id.*[6]

Fitzgerald's failure to identify how the Agreement was breached is fatal to his breach of contract claim. *See Eprotec Pres., Inc. v. Engineered Materials, Inc.*, No. 10-5097, 2011 WL 867542, at *8 (D.N.J. Mar. 9, 2011) ("Under New Jersey law, a complaint alleging breach of contract must, at a minimum, identify the contracts and provisions breached"[;] "Failure to allege the specific provisions of contracts breached is grounds for dismissal."); *Grande Vill. LLC v. CIBC Inc.*, No. 14-3495, 2015 WL 1004236, at *5 (D.N.J. Mar. 6, 2015) (dismissing breach of contract claim where the plaintiffs "only alleged generally that defendants breached" the agreement and holding that plaintiffs "should be able to identify the specific contract or provision breached"). Accordingly, the Court will **DISMISS** *without prejudice* Count I from the Complaint.

---

[6] That Defendants did not provide Fitzgerald with a 3.5% interest in the broader "cannabis venture" is irrelevant, as the Complaint only states that Fitzgerald would receive a 3.5% interest in *Incentive Gourmet* under the Agreement, not an ambiguous venture. Compl. ¶¶ 7, 20.

9

**B.**      **The Court Will Dismiss Fitzgerald's "Misappropriation of Incentive Gourmet's Opportunity" Claim (Count II)**

Fitzgerald alleges that Little first established Incentive Gourmet for the purpose of manufacturing cannabis products, but then ultimately formed Inclusion Gourmet to apply for a cannabis license in New Jersey instead.  Compl. ¶¶ 11, 15.  Through this conduct, Little allegedly wrongfully misappropriated the opportunity of Incentive Gourmet for the benefit of himself and Inclusion Gourmet, at the expense of Plaintiff.  *Id.* ¶ 24; *see id.* ¶ 17.

Although it is not entirely clear from the Complaint what this cause of action entails, Fitzgerald's Opposition suggests that his misappropriation claim sounds in fraud.  *See* Opp'n at 6 ("In paragraphs 15-17 of the complaint plaintiff sets forth the deceptive scheme that defendant Little employed to misappropriate that opportunity which belonged to defendant Incentive Gourmet.").  In that case, Fitzgerald must satisfy Rule 9(b)'s requirement that he "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The Third Circuit has explained that "the requirements of rule 9(b) may be satisfied if the complaint describes the circumstances of the alleged fraud with precise allegations of date, time, or place or by using some means of injecting precision and some measure of substantiation into their allegations of fraud."  *Board of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 173 n.10 (3d Cir. 2002) (citation modified).

Fitzgerald's misappropriation claim falls short of this heightened pleading standard.  Rule 9(b) "essentially requires" a plaintiff to allege "the who, what, when, where, and how elements to state a claim arising in fraud."  *Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 703 (D.N.J. 2013) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1423 (3d Cir. 1997)).  Here, Fitzgerald has not, for instance, specified in the Complaint what deceptive or fraudulent conduct occurred, nor has he explained when these acts took place.  Put another way,

10

Fitzgerald has not injected sufficient precision and substantiation into his allegations of fraud to survive a motion to dismiss.  Plus, the Court agrees with Defendants that Fitzgerald cannot "sustain a claim for misappropriation of an intangible and non-descript 'opportunity.'"  Reply at 7. Fitzgerald must allege more.  Because Fitzgerald has insufficiently pled his misappropriation claim, the Court will **DISMISS** *without prejudice* Count II from the Complaint.

### C.    The Court Will Dismiss Fitzgerald's Self-Dealing and Breach of Fiduciary Duties Claim (Count III)

In Count III, Fitzgerald alleges that Little breached his duty to deal in good faith as well as his fiduciary duty not to engage in self-dealing.  Compl. ¶ 28.  The Court construes Fitzgerald to be claiming that Little:  (1) breached the covenant of good faith and fair dealing and (2) violated his fiduciary duties as the majority shareholder of Incentive Gourmet.  As explained below, Fitzgerald fails to plead either claim sufficiently.

#### 1.    Breach of the covenant of good faith and fair dealing

Under New Jersey law, a covenant of good faith and fair dealing is implied in every contract.  *Ohm Systems, Inc. v. Senergene Sols., LLC*, No. 23-1340, 2023 WL 8437279, at *3 (D.N.J. Dec. 5, 2023).  Indeed, "a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law."  *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316 (2002).  A "mere failure to fulfill obligations encompassed by the parties' contract, including the implied duty of good faith and fair dealing, is not actionable in tort." *Skypala*, 655 F. Supp. 2d at 460.  Therefore, an independent claim for a breach of the covenant of good faith and fair dealing cannot proceed "unless the underlying conduct is distinct from that alleged in a corresponding breach of contract claim."  *MZL Cap. Holdings, Inc. v. TD Bank, N.A.*, 734 F. App'x 101, 106 (3d Cir. 2018).

11

In New Jersey, an independent breach of the implied covenant of good faith and fair dealing can arise in three circumstances:

> (1) to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but consistent with the parties' contractual expectations; (2) to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance.

*Sports Enters., Inc. v. Goldklang*, No. 23-2198, 2024 WL 1157842, at *2 (D.N.J. Mar. 18, 2024) (citations omitted).

Here, the Court finds that Fitzgerald has failed to establish that Little owed him an independent duty of good faith and fair dealing. Fitzgerald does not allege, for example, any facts that distinguish this claim from his breach of contract cause of action, nor does he plead facts that would allow the Court to determine whether his claim falls into one of the three situations where an independent breach of the implied covenant of good faith and fair dealing can arise. His failure to do so dooms any claim for an independent breach of the covenant of good faith and fair dealing.

### 2.      *Breach of fiduciary duties*

"A fiduciary relationship arises between two persons when one person is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship." *F.G. v. MacDonell*, 150 N.J. 550, 563 (1997) (citing Restatement (Second) of Torts § 874 cmt. a (1979)). To state a claim for a breach of a fiduciary duty, a plaintiff must allege: "(1) the existence of a fiduciary duty or relationship between the parties; (2) [a] breach of that duty; and (3) resulting damages." *Read v. Profeta*, 397 F. Supp. 3d 597, 633 (D.N.J. 2019).

Defendants argue that Fitzgerald has not shown that Little owed him any fiduciary duty beyond one arising out of contract, and for that reason, the Court should dismiss this claim. Mot. at 7. In the Court's view, it's not that simple. As noted above, Fitzgerald has not attached to the

12

Complaint Incentive Gourmet's operating agreement, which precludes the Court from engaging in any meaningful analysis of this claim.

For example, in New Jersey, a "member-manager of a member-managed LLC owes fiduciary duties to the LLC and to the other members." *Klapper v. Sullivan*, No. 17-13137, 2024 WL 1635655, at *14 (D.N.J. Apr. 16, 2024) (citing N.J. Stat. Ann. § 42:2C-39(a)). Without reviewing the LLC operating agreement, however, the Court cannot ascertain whether Incentive Gourmet was a member-managed LLC managed by Little such that a fiduciary duty might arise. If that is the case, then Fitzgerald could potentially allege that Little owed him an independent fiduciary duty. At the same time, the Court recognizes that "[t]here is no valid claim for breach of fiduciary duty based on members in a member-managed company acting in conformity with the provisions clearly set forth in [an] [a]greement." *Namerow v. PediatriCare Assocs., LLC*, 461 N.J. Super. 133, 147 (Ch. Div. 2018). Therefore, should Fitzgerald's breach of fiduciary duty claims solely arise from the terms of the Agreement, he might fail to state a claim.

At bottom, there are not enough allegations in the Complaint for the Court to make the necessary determinations and navigate the contours of this potential claim. The Court therefore concludes that Fitzgerald has insufficiently pled any claim for a breach of a fiduciary duty or duty of good faith and fair dealing. Accordingly, the Court will **DISMISS** *without prejudice* Count III.

### D.    The Court Will Dismiss Fitzgerald's "Misuse" Claim (Count IV)

In Count IV, Fitzgerald alleges that Little did not use Incentive Gourmet's equipment to generate income for Incentive Gourmet, but instead, used that equipment to benefit himself and Nouveautes to the detriment of Incentive Gourmet. Compl. ¶¶ 12-14.

Fitzgerald, a minority shareholder in Incentive Gourmet, does not have standing to unilaterally bring claims on behalf of Incentive Gourmet in his individual capacity. "[I]ndividuals lack standing to sue on behalf of a corporation or company for losses sustained by the business

13

entity." *Arakelian v. Verizon New Jersey, Inc.*, No. 17-2635, 2018 WL 6728503, at \*6 (D.N.J. Dec. 21, 2018) (citation omitted). "This is also the case for an LLC regardless of how many members comprise it." *Id.*

In the Complaint, Fitzgerald alleges that Little's conduct was detrimental to Incentive Gourmet. Compl. ¶ 32. As aptly explained by the Superior Court of New Jersey's Appellate Division, "a member of a limited liability company may not bring an action in his or her own name, to redress wrongs to the company, even if the member indirectly suffers harm as a result. To assert a claim in his or her own name, the member must suffer a special injury not shared generally by other members." *Mariner's Bank v. 4921 Bergenline Corp.*, No. A-0676-12T2, 2014 WL 243068, at \*5 (N.J. Super. Ct. App. Div. Jan. 23, 2014). To prevail on this claim, Fitzgerald would therefore need to show that he suffered an injury district from Incentive Gourmet. Because he has not, the Court finds he does not have standing to bring this misuse claim, and in turn, will **DISMISS** *without prejudice* Count IV.[7]

### E.    The Court Will Dismiss Fitzgerald's Value of Shares Claim (Count V)

Fitzgerald brings this cause of action to assert that "the value of [his] interest in [D]efendant Inclusion Gourmet [] is worth $262,500 based upon his 3.5% interest." Compl. ¶ 36. Putting aside that this is not an identifiable cause of action upon which the Court can grant relief, Fitzgerald

---

[7] Although the Court does not decide Defendant's Motion on these grounds, the Court notes that the "gist of the action" doctrine bars a plaintiff from proceeding with tort claims that replicate those brought for breach of contract. *Addie v. Kjaer*, 737 F.3d 854 (3d Cir. 2013). When "fraud claims are based on the same factual allegations as the breach of contract claim . . . there are no independent acts or misrepresentations alleged for the fraud claim than are alleged for the breach of contract claim." *Torres v. Genoa, Inc.*, No. 13-101, 2015 WL 13631063, at \*3 (D.V.I. Feb. 9, 2015) (citing *id.*). Today, the Court dismisses Fitzgerald's tort-based claims *without prejudice* because it is not clear to the Court that amendment would be futile. However, the Court cautions Fitzgerald that a failure to adequately address the foundational deficiencies indicated throughout this Opinion may result in claims being dismissed *with prejudice*.

14

concedes that he has no ownership interest in Inclusion Gourmet. *See id.* ¶ 19 (alleging that after Inclusion Gourmet applied for a cannabis license, Little "denied to [Fitzgerald] an interest in [] Inclusion Gourmet"). Fitzgerald cannot gain in remedy what he does not allege to own. The Court, therefore, will **DISMISS** *without prejudice* Count V.[8]

### F.      The Court Will Dismiss Fitzgerald's Quantum Meruit Claim (Count VI)

Finally, Fitzgerald pleads that he is entitled to compensation for the legal services he provided Defendants for the five or six years following the agreement he entered with Little. Compl. ¶ 38. To that end, he brings a claim for quantum meruit. *Id.* ¶¶ 37-38.

"Quantum meruit is a quasi-contractual remedy in which a contract is implied-in-law under a theory of unjust enrichment; the contract is one that is *implied* in law, and not an *actual* contract at all." *Allegheny Gen. Hosp. v. Phillip Morris*, 228 F.3d 429, 447 (3d Cir. 2000) (citation modified). "To recover under a theory of quantum meruit, a plaintiff must establish: '(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they were rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services.'" *Read*, 397 F. Supp. 3d at 643 (quoting *Starkey v. Estate of Nicolaysen*, 172 N.J. 60, 68 (2002)). If successful, a plaintiff is entitled to "recoup the reasonable value of services rendered." *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 438 (1992).

Because parties may plead in the alternative under Federal Rule of Civil Procedure 8(d)(2), courts typically allow a quantum meruit claims to survive a motion to dismiss where the cause of action is pled in the alternative to a breach of contract claim. *See, e.g., Durr Mech. Constr., Inc.*

---

[8] Fitzgerald puts the cart well before the horse in his efforts to assert the value of any ownership in Inclusion Gourmet. In addition to admitting in the Complaint that he owns no interest in Inclusion Gourmet, Fitzgerald has failed to establish that Little's alleged denial to Fitzgerald of an interest in Inclusion Gourmet was wrongful. If, at a later juncture in this action, Fitzgerald prevails on those claims, he could then litigate the value of any interest he has in Inclusion Gourmet.

*v. PSEG Fossil, LLC*, 516 F. Supp. 3d 407, 416 (D.N.J. 2021).  At the same time, courts in this District have dismissed quantum meruit claims at the motion to dismiss stage where the plaintiff also brought a breach of contract claim.  *See, e.g.*, *Vincent Cusumano Architect P.C. v. Berkshire Hathaway Direct Ins. Co.*, No. 23-22970, 2025 WL 957699, at *6 (D.N.J. Mar. 29, 2025) (collecting cases).  Following the latter line of cases, Defendants ask the Court to dismiss this claim *with prejudice* because Fitzgerald pleads the existence of an express contract, which precludes any claim for quantum meruit.  Mot. at 11.

The Court disagrees with Defendants that dismissal *with prejudice* is appropriate because the cases which they rely on—and which have dismissed quantum meruit claims at this juncture— are distinguishable from the present.  For example, in *Alboyacian v. BP Products North America, Inc.*, the Court granted a motion to dismiss the quantum meruit claim from the complaint because:

> . . . the intentions of the parties are clear because they entered binding, agreements governing their relationships. Neither party has challenged the enforceability of those agreements.  And while the mere existence of a contract may not be sufficient to defeat a claim for quantum meruit, the [plaintiffs] have failed to allege that they engaged in any activity above and beyond what was required of them as part of those contracts; rather, it appears as though the [plaintiffs] have merely performed their contractual duties.

No. 09-5143, 2011 WL 5873039, at *5 (D.N.J. Nov. 22, 2011).  By contrast, it is not clear here exactly what Fitzgerald's quantum meruit allegations entail.  Namely, the Court cannot discern from the Complaint whether Fitzgerald provided legal services beyond the terms of the Agreement. If he can show his legal services were in addition to what was contemplated in the Agreement, his quantum meruit claim could survive a motion to dismiss.[9]  But, as it appears there is a valid and undisputed agreement between the parties—*i.e.*, the Agreement—Fitzgerald's quantum meruit

---

[9] The Court notes that the Agreement does not describe the legal services that Fitzgerald agreed to provide with any specificity, which may complicate future allegations.

16

may fail if his allegations for this cause of action fully overlap with his breach of contract claim. The Court will give Fitzgerald an opportunity to bolster his pleadings, at which point, the Court will be better suited to determine this claim should be dismissed *with prejudice*.

In any event, the Complaint fails to sufficiently plead a quantum meruit claim. The Complaint merely states that Fitzgerald "provided extensive services to [D]efendants valued at upwards of $200,000." Compl. ¶ 10. Even though the specific services are not outlined in the Agreement itself, Fitzgerald does not plead in the Complaint what specific services he rendered, which Defendants received a benefit, or the reasonable value of these services. The Complaint thus fails to provide sufficient factual material to survive a motion to dismiss. Consequently, the Court will **DISMISS** *without prejudice* Count VI.[10]

## IV.   CONCLUSION

For the reasons explained above, the Court will **GRANT** Defendants' Motion and **DISMISS** the Complaint *without prejudice*. An appropriate Order accompanies this Opinion.

Dated: March 13, 2026

Evelyn Padin, U.S.D.J.

---

[10] Having dismissed all counts of the Complaint, the Court declines to consider parties' arguments on punitive damages.